FILED
CLERK
1/12/2016 1:30 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ADRIENNE BROWN,

                Plaintiff,

     -against-

ORDER
15-CV-6348(SJF)(AYS)

BRENTWOOD SCHOOL DIST.,

                Defendant.
----------------------------------------------------------------X
FEUERSTEIN, District Judge:

I.     Introduction

On October 29, 2015, *pro se* plaintiff Adrienne Brown ("Plaintiff") filed a civil rights complaint against the school district at which her son attended school, Brentwood School District ("Defendant"), accompanied by an application to proceed *in forma pauperis*. For the reasons that follow, Plaintiff's application is granted, but her complaint is dismissed *sua sponte* unless Plaintiff files an amended complaint within thirty (30) days.

II.    The Complaint[1]

Plaintiff's complaint was submitted on the Court's general complaint form.[2] (*See* ECF No. 1 (Compl.).) In her Statement of Claim, Plaintiff alleges that, in May of 2015, a teacher working in the Brentwood School District "Yelled out Slanderous words' to my thirteen year old son." (Compl. ¶ III.A.) She also asserts that the assistant principal called her and left a

---

[1] All material allegations in the complaint are presumed to be true for the purpose of this Order, *see*, *e.g.*, *Rogers v. City of Troy, N.Y.*, 148 F. 3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

[2] Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, grammar, and punctuation have not been corrected or noted.

message on Plaintiff's phone, stating "please don't send 'it' to school without speaking with her [the assistant principal] first." (*Id.* ¶ III.C.) Plaintiff further contends that a teacher "Yelled out to another Teacher in front of 'the Whole 'Class He' 'going to fail anyway' destroying my son respect for Education . . . ." (*Id.*) She described the injuries she sustained as "My Son Has no respect for The Education System! He is giving the wrong reactions off as far as learning from a teacher." (*Id.* ¶ IV.) In Part V of the complaint, entitled "Relief", which provides the instruction "State what you want the Court to do for you . . . ," the Plaintiff states: "Slander, mental anguish, embarrassment and unjustice of professionalism and Emotional difficulty Mistreatment of a teacher, School Rules & Regulation's! of a child." (*Id.* ¶ V.)

III. Discussion

    A. *In Forma Pauperis* Application

Section 1915(a)(1) authorizes the Court to waive the prepayment of a filing fee if, after reviewing the required affidavit, it finds an applicant is unable to pay such fee. *See* 28 U.S.C. § 1915(a)(1). Upon review of Plaintiff's declaration in support of her application to proceed *in forma pauperis* (*see* ECF No. 2), the Court finds that Plaintiff is unable to pay the required filing fee. Accordingly, Plaintiff's application to proceed *in forma pauperis* is granted.

    B. *Sua Sponte* Dismissal of *Pro Se* Complaint

        1. Standard of Review

Under the *in forma pauperis* statute, a district court must dismiss a *pro se* case if, among other things, it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court is

required to dismiss the case as soon as it makes such a determination.

Here, the Plaintiff has not sought monetary damages. Therefore, the Court need only determine whether Plaintiff's claim is either frivolous or malicious, or fails to state a claim on which relief may be granted. In making that determination and since the Plaintiff is *pro se*, the Court is required to read her complaint liberally, *see Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142-43 (2d Cir. 2013), and to construe it "to raise the strongest arguments that [it] suggest[s]." *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (quotations and citations omitted). Moreover, at this stage of the proceeding, the Court must assume "all well-pleaded, nonconclusory factual allegations in the complaint to be true." *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010), *aff'd*, ---U.S. ----, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949-50, 173 L. Ed.2d 868 (2009)); *see also Jackson v. Birmingham Board of Education*, 544 U.S. 167, 171, 125 S. Ct. 1497, 161 L. Ed.2d 361 (2005).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Pleadings must give "fair notice of what the . . . claim is and the grounds upon which it rests" to enable the opposing party to answer and prepare for trial, and identify the nature of the case. *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1974; *see also Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). When a complaint fails to satisfy the Rule 8 pleading standard, a district court may dismiss the complaint on motion or *sua sponte*. *See Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995).

Moreover, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974,

167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 at 678 (citations omitted). While the plausibility standard "does not require detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

        2. The Instant Case

Liberally read, Plaintiff's *pro se* complaint neither reaches the pleading requirements of Rule 8 nor approaches the *Twombly-Iqbal* standard set forth by the Supreme Court. While the Court does not find Plaintiff's action to be frivolous or malicious, it finds her complaint fails to state a claim on which relief may be granted. Indeed, at best it is unclear what relief the Plaintiff seeks. However, because a district court should not dismiss a *pro se* complaint without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Shomo v. City of N.Y.*, 579 F.3d 176, 183 (2d Cir. 2009) (citing *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)), **Plaintiff may file an amended complaint in accordance with this Order within thirty (30) days from the date that this Order is served upon her.**

If Plaintiff timely files an amended complaint, she must set forth the factual allegations to support her claim(s) against the Defendant since an amended complaint does not simply add to the original complaint; it completely replaces it. Therefore, all necessary information that was in Plaintiff's original complaint must be included in the amended complaint, which must be captioned as an "Amended Complaint" and bear the same docket number as this case, No. 15-

4

CV-6348.

The Court notes that to the extent Plaintiff is seeking to assert claims on behalf of her son, rather than on her own behalf, she is cautioned that a non-attorney parent may not represent his or her child in federal court. *See Berrios v. New York City Housing Auth.*, 564 F.3d 130, 132 (2d Cir. 2009) ("In the federal courts, 'parties may plead and conduct their own cases personally or by counsel.'") (quoting 28 U.S.C. § 1654); *see also Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) ("a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child"); *Gray v. Hawthorne N.Y. Facility*, 12-CV-1448, 2012 WL 1222344 (E.D.N.Y. Apr. 11, 2012) ("It is well settled in the Second Circuit that a non-attorney parent may not bring an action on behalf of his or her minor child.") (citing *Wenger v. Canastota Cent. Sch. Dist.*, 146 F.3d 123, 125 (2d Cir. 1998), *overruled on other grounds by*, *Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 127 S. Ct. 1994, 167 L. Ed. 2d 904 (2007) (further citation omitted)). Accordingly, if Plaintiff seeks to pursue claims on behalf of her son, she must do so through counsel.[3]

If Plaintiff fails to file an amended complaint within the time allowed, the Court shall dismiss the case with prejudice. If, however, Plaintiff files an amended complaint, it shall be reviewed pursuant to 28 U.S.C. § 1915(e)(2)(B). No summons shall issue at this time.

---

[3] To the extent that the complaint may be construed as asserting claims of Plaintiff's son, such claims are dismissed without prejudice.

IV. Conclusion

For the reasons set forth above, Plaintiff's application to proceed *in forma pauperis* is granted, but **the complaint is *sua sponte* dismissed with prejudice unless Plaintiff files an amended complaint in accordance with this Order within thirty (30) days from the date that this Order is served upon her.** Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962).

        SO ORDERED.

        /s/ Sandra J. Feuerstein
        Sandra J. Feuerstein
        United States District Judge

Dated:    January 12, 2016
           Central Islip, New York